UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:15-CV-00071-JHM-HBB

**PAULETTE OWENS**                                                                                      **PLAINTIFF**

**VS.**

**LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON**                                                                             **DEFENDANT**

## MEMORANDUM, OPINION AND ORDER

### BACKGROUND

Before the Court is the motion of Defendant Liberty Life Assurance Company of Boston ("Liberty") for entry of a confidentiality order, DN 48. Plaintiff Paulette Owens ("Owens") has filed a response in opposition at DN 48 and Liberty has responded at DN 51. The motion stands submitted to the undersigned Magistrate Judge for ruling.

### NATURE OF THE MOTION

This is an ERISA disability benefits case in which Owens requested leave to conduct discovery. The undersigned partially granted the motion and allowed specified discovery into issues which may reflect upon whether any conflict of interest affected Liberty's coverage decision (DN 26). Liberty now moves for a protective order imposing confidentiality on two classes of information which may be disclosed in discovery. First, as Owens has been granted leave to conduct discovery on some issues related to Liberty's employees conducting claim reviews, Liberty seeks protection of "personnel documents or information regarding training

provided to specific employees who were decisionmakers with respect to Plaintiff's claim for long-term disability benefits" (DN 48-1, p. 2). The second area in which Liberty seeks protection involves "documents and information that contain confidential, proprietary and/or trade secrets . . ." (Id.). Liberty brings the motion pursuant to Fed. R. Civ. P. 26(c)(1) which grants the Court power to manage and structure discovery in such a manner so as to protect a party from unwarranted public dissemination of confidential and proprietary information.

Liberty has tendered with its motion a protective order whereby Liberty would designate as "confidential" any information produced in discovery for which it seeks protection. Dissemination of such information would be limited to Owens and her legal counsel. In the event a party wishes to file a confidential document with the Court in support of a motion, it must request that the Court allow the information to be filed under seal. In the event Owens contests the propriety of a confidentiality designation, she may file a motion with the Court seeking a ruling on the designation (DN 48-2).

Owens opposes Liberty's motion, noting that, in general, the judiciary disfavors any impediment to the public's access to court filings. She contends that Liberty has only made broad generalizations regarding the nature of the documents for which protection is sought and the harm which might ensue from disclosure. Owens argues that Liberty has failed to make its case with sufficient specificity to entitle it to imposition of a confidentiality order.

In reply, Liberty specifically identifies the documents sought in discovery for which it seeks protection. These are:

1. Variable Incentive Plan;
2. Contracts with consulting physicians who provided opinions related to Owens' claim LTD benefits;
3. Liberty's contract with third-party vendor MCN;
4. Compensation Liberty paid to MCN;
5. Personnel information regarding training provided to disability claims unit personnel;
6. Liberty's policies, procedures and exceptions, and;
7. Liberty's claim and appeal units organizational structures

(DN 51, p. 2-3).

Liberty argues that these types of information are generally accepted as confidential in nature. Moreover, Liberty notes that a blanket or umbrella protective order typically does not require a particularized showing of a need for protection and the scheme Liberty proposes allows Owens to see all the documents Liberty produces and then decide if she wishes to challenge the confidentiality designation of any particular document.

## DISCUSSION

Before discussing whether Liberty is entitled to the relief it requests, some clarification of exactly what relief Liberty seeks is in order, as Owens' response blurs the distinction between an order granting confidential treatment to discovery documents and an order sealing documents filed in the court record. The distinction lies in whether the protection addresses discovery documents in the hands of the parties or documents filed in the court record. The Sixth Circuit recently discussed this distinction:

> We recently clarified the "stark difference" between court orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings: "The line between these two stages . . . is crossed when the parties place material in the court record," and in this latter stage, "very different considerations apply." Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., No. 15-1544, 2016 WL 3163073,

> at *3 (6th Cir. June 7, 2016) (quoting <u>Joy v. North</u>, 692 F.2d 880, 893 (2d Cir. 1982)).  The public's focus is not only on the litigation's result, but "also on the conduct giving rise to the case," and in both circumstances, "the public is entitled to assess for itself the merits of judicial decisions."  <u>Id.</u>  Shielding material in court records, then, should be done only if there is a compelling reason why certain documents or portions thereof should be sealed."  <u>Id.</u>  Even in such cases, "the seal itself must be narrowly tailored to serve that reason," and should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  <u>Id.</u> (quoting <u>Baxter Int'l, Inc. v. Abbott Labs.</u>, 297 F.3d 544, 548 (7th Cir. 2002)).

<u>Rudd Equip. Co., Inc. v. John Deere Const. & Forestry Co.</u>, 2016 Fed. App. 0175P, *5-6 (6th Cir. 2016).

Pursuant to Fed. R. Civ. P. 5(d)(1), responses to interrogatories and documents requests are not to be filed in the court record unless they are used in the proceeding or the court orders filing.  Here, Liberty does not seek an order preemptively sealing its discovery responses in the court record.  Liberty seeks an order which will allow it to designate certain documents as confidential while in the hands of the parties during the discovery process.  If Owens disputes the confidential nature of a document Liberty designates as such, then the ultimate decision as to whether the document should remain confidential would rest with the Court.  Likewise, if a party wished to file a document designated as confidential in the court record under seal, the party must first justify the need for sealing and obtain court permission.  Consequently, the motion presently before the court does not implicate sealing information from public view; it only deals with confidentiality of information exchanged outside the record in discovery.

Having thus delineated what protection Liberty requests, the substantive consideration is whether Liberty has sufficiently demonstrated entitlement to such an order.  This Court has observed that:

> "As a general rule, pre-trial discovery proceedings are conducted in public unless compelling reasons exist to deny access." <u>Waelde v. Merck, Sharp & Dohme</u>, 94 F.R.D. 27, 28 (E.D. Mich. 1981). Pursuant to Rule 26(c), the Court may enter a protective order "for good cause shown" to protect a party by requiring that confidential material not be revealed or be revealed only in a designated manner. When a business seeks protection of a trade secret or of commercial information under Rule 26(c), it must show that disclosure would cause "clearly defined and very serious injury." <u>Id.</u> "[V]ague and conclusory allegations of confidentiality and competitive harm are insufficient. The movant must make 'a particularized showing that the information sought is confidential' and come forth with 'specific examples' of competitive harm." <u>Id.</u> (quoting <u>Parsons v. General Motors Corp.</u>, 85 F.R.D. 724, 726 (N.D. Georgia 1980)). In sum, in order to satisfy Rule 26(c), [the movant] must show that (1) the interest for which protection is sought is an actual trade secret or other confidential business information, and (2) there is good cause for the entry of a protective order.

<u>Mitchell v. Home Depot U.S.A.</u>, No. 3:11-CV-332, 2012 U.S. Dist. LEXIS 82562, *4-5 (W.D. Ky. June 13, 2013)

The Court has wide discretion in weighing any relevant factors and deciding whether to issue a protective order. <u>Pansy v.Borough of Stroudsburg</u>, 23 F.3d 772, 787 (3d Cir. 1994).

In reviewing Liberty's pleadings, the undersigned is not persuaded that it has made the required showing that a "clearly defined and very serious injury" will result from public disclosure of the documents and information. In its motion, Liberty generally identifies types of documents and information for which it seeks protection, and makes the statement "[d]isclosure of the foregoing would cause specific harm to Defendant and others not parties to this litigation and, therefore that are subject to protection pursuant to Fed. R. Civ. P. 26" (DN 48-1 p. 2). In response to Owens' challenge that Liberty had not explained why the documents are confidential, Liberty stated that "[e]ach of these categories of information are within the types

that courts have allowed limited disclosure" (DN 51, p. 3). Liberty cited an order[1] issued from the Eastern District of Kentucky for the proposition that the order recognized "corporate training and contractual materials as commercially sensitive categories of information subject to a provisional protective order" (Id.). In actuality, the order held that "[t]here is good cause for issuance of this provisional order, per Rule 26, based on the categories of information motivating the dispute (which arguably are commercially sensitive corporate training and contractual materials)." The order does not stand for the proposition that simply identifying documents as corporate training and contractual materials automatically entitles the producing party to an order of confidentiality.

It is true that good cause may be demonstrated in a generalized manner, as opposed to a document-by-document evaluation. Transamerica Life Ins. Co. v. Moore, No. 10-14-DCR, 2011 U.S. Dist. LEXIS 3146, at *5 (E.D. Ky. Jan. 12, 2011). It is also true that the types of information Liberty has specified seem to be the sort that *could* be commercially sensitive and for which public disclosure *might* cause a clearly defined and serious injury, however, Liberty has only made vague and conclusory allegations which are insufficient to support the granting of a protective order of confidentiality at this point.

It is important to note, however, that this order does not represent a substantive finding that the documents Liberty has identified are *not* confidential in nature. This order only concludes that Liberty has failed in its motion to sufficiently demonstrate that the documents are confidential commercial information for which disclosure will cause a clearly defined and very serious injury and that there is good cause for entry of a protective order.

---

[1] Mabo v. Osram Sylvania, Inc., No. 5:12-CV-232-JHM-REW, DN 15 (E.D. Ky. Feb. 22, 2013) attached as exhibit 51-3.

## ORDER

Wherefore, the motion for entry of a protective order of confidentiality is DENIED.

Copies:     Counsel