UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:15CV-00071-JHM**

**PAULETTE OWENS**                                                                                   **PLAINTIFF**

**VS.**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on a motion by Defendant, Liberty Life Assurance Company of Boston, for partial summary judgment on all claims asserted by Plaintiff under 29 U.S.C. § 1132(a)(3) of the Employee Retirement Income Security Act of 1974 [DN 36]. Fully briefed, these matters are ripe for decision.

**I.  STANDARD OF REVIEW**

    Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

    Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Paulette Owens, worked for Wal-Mart Associates, Inc. until April of 2013 when "physical restrictions and limitations" prevented her "from engaging in full-time gainful employment." (Complaint at ¶ 9.) Plaintiff was a participant in the Wal-Mart Stores Inc. Associates' Health and Welfare Plan (the "Wrap Document" or "Wrap Plan"). The Wrap Plan was established in accordance with ERISA and includes various insurance programs offering coverage to Wal-Mart's employees. Among the Wrap Plan's insurance programs is a long term disability plan ("LTD Plan"). Defendant, Liberty Life Assurance Company of Boston, issued the Group Disability Income Policy No. GF3-850-290765-01 (the "Policy") that funded the long term disability benefits under the LTD Plan. Liberty Life was also the LTD Plan's claims administrator during the relevant time period.

After Plaintiff ceased working in April of 2013, Liberty Life approved Plaintiff's claim for LTD benefits on November 8, 2013. On September 22, 2014, Liberty Life determined that Plaintiff was no longer disabled under the terms of the Policy and terminated her benefits effective November 1, 2014. On March 9, 2015, Liberty Life received an appeal letter from Plaintiff. On April 16, 2015, Liberty Life upheld its determination that Plaintiff was no longer

disabled within the meaning of the Policy. Plaintiff brought this action under the Employee Retirement Income Security Act ("ERISA") alleging that Defendant improperly denied her claim for long term disability insurance benefits under the terms of the Policy. (Complaint at ¶ 17.) Plaintiff further asserts that "29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) are the enforcement mechanisms permitting Ms. Owens to enforce the contractual terms of the insurance policies, to obtain past benefits, to obtain reinstatement of future disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge." (Complaint at ¶ 19.) By Memorandum Opinion and Order filed May 2, 2016, the Court concluded that because Liberty Life had discretionary authority under the Policy and it exercised that authority in terminating Plaintiff's benefits, the appropriate standard of review of the denial of benefits is the arbitrary and capricious standard. [DN 42].

Defendant now files this motion for partial summary judgment on Plaintiff's claims under 29 U.S.C. § 1132(a)(3) arguing that (1) Plaintiff has not asserted a breach of fiduciary duty claim in her complaint, and (2) alternatively, Plaintiff's ERISA § 1132(a)(3) claim fails to state a claim as a matter of law because it is simply a re-characterization of her denial of benefits claim.

### III. DISCUSSION

ERISA's 29 U.S.C. § 1132(a)(1)(B) enables a participant or beneficiary of an insurance plan to bring a suit to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). See Quarles v. Hartford Life & Accident Insurance Company, 2016 WL 2903284, *2 n. 1 (W.D. Ky. May 18, 2016). ERISA further "provides that a civil action may be brought by a participant to enjoin any act or practice which violates ERISA or the terms of the plan, to obtain other appropriate equitable relief to redress such violations, or to

enforce any provisions of ERISA or the terms of the plan." Rainey v. Sun Life Assur. Co. of Canada, 2014 WL 7156517, at *1 (M.D. Tenn. Dec. 15, 2014)(citing 29 U.S.C. § 1132(a)(3)). "The Supreme Court has recognized the possibility of an equitable remedy, such as surcharge, under ERISA for breaches of fiduciary obligations by plan administrators." Id. (citing Cigna Corp. v. Amara, 563 U.S.421, 443 (2011) (award of make-whole relief in the form of surcharge is within the scope of "appropriate equitable relief" for purposes of Section 1132(a)(3)); Silva v. Metropolitan Life Ins. Co., 762 F.3d 711, 722 (8th Cir. 2014)). This means that a surcharge remedy can "extend[ ] to a breach of trust committed by a fiduciary" arising from "any violation of a duty imposed upon that fiduciary." Cigna Corp., 563 U.S. at 442. See also Myers v. Anthem Life Ins. Co., 2015 WL 6394524, at *2 (W.D. Ky. Oct. 22, 2015)

Both the United States Supreme Court in Cigna Corp. v. Amara and the Sixth Circuit in Rochow v. Life Ins. Co. of North America, 780 F.3d 364, 372-73 (6th Cir. 2015) support a plaintiff's ability to seek relief under § 1132(a)(3) while also pursuing a claim under § 1132(a)(1)(B). While "[a] claimant can pursue a breach-of-fiduciary-duty claim under [§ 1132(a)(3)], irrespective of the degree of success obtained on a claim for recovery of benefits under [§ 1132(a)(1)(B)]," she can only do so "where the [§ 1132(a)(3)] claim is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate." Rochow, 780 F.3d at 372.  This means that the § 1132(a)(3) claim for equitable relief must be "more than a repackaged denial of benefits claim" under § 1132(a)(1)(B), and must allege some separate or additional basis for relief needed to make the plaintiff whole. Gore v. El Paso Energy Corp. Long Term Disability Plan, 477 F.3d 833, 838 (6th Cir. 2007)). Overall, though "the exact contours under which 'make whole relief' is available is still an evolving area of law, it is clear

4

that when it is available there are unique circumstances beyond just a denial of benefits." Hackney v. Lincoln Nat. Life Ins. Co., 2014 WL 3940123, at *5 (W.D. Ky. Aug. 12, 2014)

Plaintiff does not allege a claim for breach of fiduciary duty in her complaint. Instead, in her response to the motion for partial summary judgment, Plaintiff maintains that she is not required to specifically assert a breach of fiduciary claim to be entitled to the equitable relief under § 1132(a)(3) "premised on a breach of fiduciary duty." (Plaintiff's Response at 6-7.) Whether a party is asserting a breach of fiduciary claim or a claim for equitable relief under § 1132(a)(3) "premised on a breach of fiduciary duty," the Court would expect allegations in the complaint to refer to an alleged breach of fiduciary duty and subsequent facts presented at the summary judgment stage to suggest a genuine dispute as to whether Defendant breached its fiduciary duty.

Notwithstanding, assuming for purposes of this motion that Plaintiff asserted a §1132(a)(3) claim, the Court finds summary judgment in favor of the Defendant is appropriate because Plaintiff fails to set forth evidence of an injury separate and distinct from the denial of his benefits. As discussed above, "[s]ection 1132(a)(3) . . . functions as a safety net, offering appropriate equitable relief for injuries caused by violations that §[1132] does not elsewhere adequately remedy." Quarles v. Hartford Life & Accident Ins. Co., 2016 WL 2903284, at *2 (W.D. Ky. May 18, 2016)(citing Varity Corp. v. Howe, 516 U.S. 489, 513 (1996)). As the Supreme Court explained in Varity Corp., "'where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate.'" Id. (citing Varity Corp., 516 U.S. at 515).

Here, Plaintiff in her complaint alleges that she submitted a claim for long-term disability benefits to Defendant and that Defendant subsequently denied both her claim and appeal despite

5

her continuing disability. Plaintiff further alleges numerous flaws in Liberty Life's claims process, but only one injury: the denial of benefits. In response to the motion for summary judgment, Plaintiff contends that Liberty Life failed to prove that she could obtain complete relief under ERISA §1132(a)(1)(B), and without discovery, it is impossible to determine what remedies are adequate. (Plaintiff's Response at 8.) However, Plaintiff's alleged injury—the denial of benefits—can be remedied by § 1132(a)(1)(B), which allows Plaintiff "to recover benefits due to [her]." 29 U.S.C. § 1132(a)(1)(B). See Quarles, 2016 WL 2903284, *3 (dismissing a catchall claim under Section 1132(a)(3) based upon essentially identical allegations in the complaint); Myers v. Anthem Life Ins. Co., 2015 WL 6394524, at *2 (W.D. Ky. Oct. 21, 2015) (same). "No discovery is necessary to make this determination." Id. Thus, because Plaintiff has failed to offer any evidence to show an "injury separate and distinct from the denial of benefits" or show why "the remedy afforded by Congress under § [1132](a)(1)(B) is . . . inadequate," the Court grants Defendant's motion for partial summary judgment and dismisses Plaintiff's § 1132(a)(3) claim. Quarles, 2016 WL 2903284, *3 (quoting Rochow, 780 F.3d at 372-73).

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Liberty Life Assurance Company of Boston, for partial summary judgment on all claims asserted by Plaintiff under 29 U.S.C. § 1132(a)(3) of the Employee Retirement Income Security Act of 1974 [DN 36] is **GRANTED**.

*Joseph H. McKinley, Jr., Chief Judge*
**United States District Court**

cc: counsel of record

September 12, 2016