UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15CV-00071-JHM

PAULETTE OWENS                                                             PLAINTIFF

VS.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

       This matter is before the Court on an objection by Defendant to Magistrate Judge Brennenstuhl's September 21, 2016, Supplemental Order [DN 66] and on a motion by Defendant for a protective order [DN 65].

**I. BACKGROUND**

       Plaintiff, Paulette Owens, worked for Wal-Mart Associates, Inc. until April of 2013 when "physical restrictions and limitations" prevented her "from engaging in full-time gainful employment." (Complaint at ¶ 9.) Plaintiff was a participant in the Wal-Mart Stores Inc. Associates' Health and Welfare Plan (the "Wrap Document" or "Wrap Plan"). The Wrap Plan was established in accordance with ERISA and includes various insurance programs offering coverage to Wal-Mart's employees. Among the Wrap Plan's insurance programs is a long term disability plan ("LTD Plan"). Defendant, Liberty Life Assurance Company of Boston, issued the Group Disability Income Policy No. GF3-850-290765-01 (the "Policy") that funded the long term disability benefits under the LTD Plan. Liberty Life was also the LTD Plan's claims administrator during the relevant time period.

       After Plaintiff ceased working in April of 2013, Liberty Life approved Plaintiff's claim for LTD benefits on November 8, 2013. On September 22, 2014, Liberty Life determined that

Plaintiff was no longer disabled under the terms of the Policy and terminated her benefits effective November 1, 2014. Plaintiff appealed the decision. On April 16, 2015, Liberty Life upheld its determination that Plaintiff was no longer disabled within the meaning of the Policy. Plaintiff brought this action under the Employee Retirement Income Security Act ("ERISA") alleging that Defendant improperly denied her claim for long term disability insurance benefits under the terms of the Policy. (Complaint at ¶ 17.)

## II.  DISCOVERY DISPUTES

On October 9, 2015, Plaintiff moved for leave to conduct discovery. At that time, Plaintiff tendered her requests for production of documents and interrogatories. By order dated January 19, 2016, Magistrate Judge Brennenstuhl granted in part and denied in part Plaintiff's motion for leave to conduct discovery. Liberty Life objected to the order. The Court denied Liberty Life's objection. On July 1, 2016, Liberty Life filed a motion to reconsider the January 19, 2016, order as it pertained to Interrogatory No. 15 in which Plaintiff requested statistical data about the medical reviewers who had participated in her file review. In the alternative, Liberty Life requested an extension of time to provide the requested information. On the same date, Liberty Life tendered its answers to the interrogatories to Plaintiff specifically objecting to Interrogatory No. 15. Liberty Life did not file a protective order at that time or notify the Magistrate Judge that it had tendered answers and objections to the interrogatories in question. On August 26, 2016, the Magistrate Judge denied Liberty Life's motion for reconsideration. A telephonic conference was scheduled for September 14, 2016, to discuss the length of time Liberty Life needed to prepare a response to Interrogatory No. 15.

At the telephonic conference, Liberty Life argued for the first time that because Plaintiff's original motion filed 11 months ago was a motion for *leave* to conduct discovery,

Liberty Life was now entitled to a ruling by the Magistrate Judge on the substance of its objection to Interrogatory No. 15. Surprised that the objections and answers to the interrogatories had been sent to Plaintiff by Liberty Life on July 1, 2016, the Magistrate Judge directed Liberty Life to file them in the record. Liberty Life filed them the next day [DN 58]. The objection to Interrogatory No. 15 contained in Liberty Life's answers to the interrogatories essentially mirrors Liberty Life's argument in its July 1, 2016, motion to reconsider. On September 21, 2016, the Magistrate Judge issued a supplemental order addressing Liberty Life's new argument noting that because Liberty Life chose to file a motion as one for reconsideration of a non-final order, the Magistrate applied the analysis appropriate to motions to reconsider brought under Fed. R. Civ. P. 54(b). The Magistrate further provided:

> Although Liberty voiced an objection in its actual answer to interrogatory number 15, it did not file a motion for a protective order under Rule 26(c). This is the mechanism by which it could have sought a ruling on the merits of the objection. The Court cannot rule on unpresented motions. Regardless, the issue of whether Liberty should be required to undertake the analysis called for in order to respond to interrogatory number 15 has been extensively argued, much considered and repeatedly ruled upon.
>
> Moreover, the undersigned notes that Liberty argues in its objection to the interrogatory that it will take between 27 and 54 weeks to complete the review of the files (assuming between 15 and 30 minutes to review each file). During the conference call, however, Liberty indicated that two employees were performing the reviews as time permitted, in addition to their other regular duties. If the burden is undue, it is because Liberty has chosen to so burden itself. If Liberty retained ten contract file reviewers, the review would require between three to five and one-half weeks.

(DN 62, Supplemental Order at 5-6.) Based on this language, Liberty Life filed an objection to the supplemental order [DN 66] and simultaneously filed a related motion for a protective order to forbid the disputed discovery regarding the statistical information requested in Interrogatory

3

No. 15, subparts c. and d. [DN 65].[1]

### III. STANDARD OF REVIEW OF OBEJECTION TO MAGISTRATE'S ORDER

Federal Rule of Civil Procedure 72(a) allows parties to object to a magistrate judge's ruling on non-dispositive matters, such as discovery orders, by filing objections in the district court where the case is assigned. Fed. R. Civ. Proc. 72(a). Under Rule 72(a), the district court is to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Proc. 72(a). See Scott-Warren v. Liberty Life Assur. Co. of Boston, 2016 WL 5661774, *2 (W.D. Ky. Sept. 29, 2016).

### IV. DISCUSSION

Both the Western and Eastern Districts of Kentucky have consistently held that "the mere existence of an evaluator/payor conflict of interest is sufficient to allow discovery outside of the administrative record" in an ERISA benefits action. Blackwell v. Liberty Life Assur. Co. of Boston, 2016 WL 3004568, *7 (W.D. Ky. May 20, 2016); see also Scott-Warren v. Liberty Life Assur. Co. of Boston, 2016 WL 5661774, *3 (W.D. Ky. July 12, 2016); Myers v. Anthem Life Ins. Co., 2016 WL 1169536, *5-6 (W.D. Ky. March 22, 2016); Davis v. Hartford Life & Accident Ins. Co., 2015 WL 7571905, *3 (W.D. Ky. Nov. 24, 2015); Glue v. Prudential Life Ins. Co. of Amer., 309 F.R.D. 406 (W.D. Ky. Aug. 5, 2015); Brainard v. Liberty Life Assur. Co. of Boston, 2014 WL 7405798, *4 (E.D. Ky. Dec. 30, 2014). This rule is rooted in the Supreme Court's decision in Metropolitan Life Ins. Co. of North America v. Glenn, 554 U.S. 105 (2008). See Glue, 309 F.R.D. at 412 ("With the rendition of Glenn, the Supreme Court held that a plan administrator that both evaluates a claim and pays claims operates under a per se conflict of

---

[1] It should be noted that in Defendant's Objections and Answers to Plaintiff's Interrogatories [DN 58], subparts (c) and (d) of Interrogatory No. 15 corresponds to subparts (e) and (f) of Interrogatory No. 15 filed with the Plaintiff's Motion for Leave to Conduct Discovery [DN 14-2].

4

interest in making discretionary benefit determinations.") (citation omitted). See also Milby v. Liberty Life Assurance Co. of Boston, 2016 WL 4599919, *2 (W.D. Ky. Sept. 2, 2016).

Among the matters recognized by the courts as discoverable items are (1)"[i]ncentive, bonus or reward programs or systems formal or informal for any employees involved in any meaningful way in reviewing disability claims;" (2)"[c]ontractual connections between [plan administrator/payor] . . . and the reviewers utilized in plaintiff's claim . . . and financial payments paid annually to the reviewers from the [administrator/payor];" (3)"[s]tatistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted;" (4) "[n]umber of times reviewers found claimants able to work in at least a sedentary occupation or found that claimants were not disabled;" and (5)"[d]ocumentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate plaintiff's claims)." Blackwell, 2016 WL 3004568, *7(internal citations omitted)(citing Mullins v. Prudential Ins. Co. of America, 267 F.R.D. 504, 513 (W.D. Ky. 2010) (explaining that despite such discovery being characterized as "narrow," the district court nonetheless permits discovery in such factors as a history of bias, claim denials, steps taken to reduce potential bias, and company policies, both formal and informal, that reward claim denials)).

Here, in both its objection to the supplemental order and motion for protective order, Liberty Life argues that requiring it to comply with subparts (c) and (d) of Interrogatory No. 15 is not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1)("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Liberty Life first argues that Plaintiff's request for conflict of interest/bias discovery is based on the mere allegation or existence of a conflict of

interest and is not proper. However, as noted above, the district courts in Kentucky have repeatedly recognized that ERISA claimants may seek discovery related to third-party medical reviewers where a conflict of interest is alleged. Davis, 2015 WL 7571905, *7; Scott-Warren, 2016 WL 5661774, *3.

Liberty Life also maintains that discovery of this information is not proportional because (1) Liberty Life does not maintain the requested records nor does it have employees whose job duties are dedicated to performing the claim file analysis required; (2) the disputed discovery is of limited importance in determining whether or not Liberty Life's decision to deny benefits was arbitrary and capricious given the numerous other information and evidence considered by other Liberty Life staff such as the disability case manager or appeal review consultant; (3) analyzing potential bias by the number of times the medical opinions did or did not support Liberty Life's denial of a claim is inherently flawed; and (4) the burden and expense to Liberty Life in providing the information is completely disproportionate to the benefit at issue in this case.

In rejecting similar arguments, Judge Charles Simpson in Scott-Warren v. Liberty Life Assur. Co. of Boston recently noted that neither the proportional language in Fed. R. Civ. P. 26(b)(1) nor the fact that Liberty Life would have to perform a time-consuming, file-by-file review of numerous claim files warranted a reversal of the Magistrate's discovery order. Just as in Scott-Warren, "the statistical data sought [by Plaintiff] is relevant in determining whether a conflict of interest affected the administration of her claim." Scott-Warren, 2016 WL 5661774, *5. Similarly, to ensure that the Plaintiff's discovery request is proportional, Magistrate Judge Brennenstuhl properly required Liberty Life to answer Interrogatory No. 15 subparts (c) and (d) with regard to only reviewers who actually participated in the determination of Plaintiff's claim and limited the discovery request to the previous ten years. Id.; Davis, 2015 WL 7571905, *3.

Consistent with case law, Liberty Life is not required to submit information about reviewers who were not involved in her claim. Scott-Warren, 2016 WL 5661774, *6. Given the fact that the scope of the discovery request has been narrowed significantly by the Magistrate Judge, the Court finds that the discovery request sought by Plaintiff in Interrogatory No. 15 subparts (c) and (d) is relevant, not overly burdensome, and is proportional.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the objection by Defendant to Magistrate Judge Brennenstuhl's September 21, 2016, Supplemental Order [DN 66] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the motion by Defendant for a protective order [DN 65] is **DENIED**.

*Joseph H. McKinley, Jr., Chief Judge*
*United States District Court*

October 20, 2016

cc: counsel of record
    United States Magistrate Judge Brennenstuhl

7